JUDGE RAKOFF

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Piper Hoffman (PH 4990)
Justin M. Swartz (JS 7989)
3 Park Ave., 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005
*Attorneys for Plaintiff*

05 CV 10116

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEXTER CALLENDER, | |
| Plaintiff, | Case No. _____ |
| v. | **COMPLAINT** |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Dexter Callender alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law wage and hour claims, because those claims derive from a common nucleus of operative fact.

2. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

3. The Southern District of New York has personal jurisdiction because defendant International Business Machines Corporation ("Defendant" or "IBM") conducts business in this district.

1

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and because a substantial part of the events giving rise to the claim occurred in this district.

## SUMMARY OF CLAIMS

5. Mr. Callender is a former IBM technical support worker with the primary duties of documenting network connectivity for IBM, whom IBM misclassified as exempt from the overtime provisions of the FLSA and New York State wage and hour laws, as described below.

6. Mr. Callender's primary duty was to provide routine computer maintenance and installation services and to document networks for IBM and its customers, following well-established company instructions and procedures.

7. IBM unlawfully classified Mr. Callender as exempt from overtime payments under relevant federal and New York State laws, despite the fact that he is not exempt. Mr. Callender worked overtime hours, as defined by the applicable federal and New York State laws, and was entitled to premium compensation at one and one-half times the regular hourly rate ("overtime compensation") for those hours, and at twice the regular hourly rate for some overtime hours. IBM willfully refused to pay Mr. Callender the required overtime compensation for overtime hours worked, and failed to keep time records as required by law.

8. Defendant's practices violate the FLSA and New York law. Mr. Callender seeks injunctive and declaratory relief, overtime compensation for all overtime work required, suffered, or permitted by IBM, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

## THE PARTIES

9. Plaintiff, Mr. Callender, is a resident of New York City, New York. He was employed by IBM from April 1, 2003, through January 8, 2004, in Manhattan, New York. Mr. Callendar worked in Network Support and had the primary duties of documenting network

connectivity. Mr. Callendar worked hours in excess of forty hours per week, without receiving overtime compensation as required by both New York and federal law.

10. Defendant IBM is a corporation providing computer services throughout the United States and the world, with its corporate headquarters located in Armonk, New York. The practices described herein were performed in IBM's offices in New York and throughout the United States.

## FIRST CLAIM FOR RELIEF
### (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)

11. Mr. Callender realleges and incorporates by reference paragraphs 1 through 10 as if they were set forth again herein.

12. At all relevant times, IBM was an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, IBM employed Mr. Callender as an "employee." At all relevant times, IBM has had gross operating revenues in excess of $500,000.

13. Attached hereto as Exhibit A is a consent to sue signed by Plaintiff in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.

14. The FLSA requires each covered employer, such as Defendant IBM, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

15. Mr. Callender is entitled to be paid overtime compensation for all overtime hours worked.

16. At all relevant times, IBM, pursuant to its policies and practices, failed and refused to pay overtime premiums to Mr. Callender for the hours he worked in excess of forty hours per week.

17. By failing to compensate Mr. Callender at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek,

IBM has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1), and § 215(a).

18. By failing to record, report, and/or preserve records of hours Mr. Callender worked, IBM has failed to make, keep, and preserve records sufficient to determine his wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

19. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

20. Mr. Callender seeks recovery of his attorneys' fees and costs of action to be paid by IBM, as provided by the FLSA, 29 U.S.C. § 216(b).

21. Mr. Callender seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (New York Labor Law, § 650 *et seq.* and 12 N.Y.C.R.R. Part 142)

22. Mr. Callender realleges and incorporates by reference paragraphs 1 through 21 as if they were set forth again herein.

23. The foregoing conduct, as alleged, violates the New York Minimum Wage Act, Labor Law § 650 *et seq.*, and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (together, the "New York Labor Law").

24. At all relevant times, IBM has been, and continues to be, an "employer" within the meaning of New York Labor Law §§ 651. At all relevant times, IBM has employed Mr. Callender as an "employee," within the meaning of the New York Labor Law.

25. The New York Labor Law requires an employer, such as Defendant IBM, to pay overtime compensation to all non-exempt employees. Mr. Callender is not exempt from overtime pay requirements under the New York Labor Law.

26. At all relevant times, IBM had a policy and practice of failing and refusing to pay overtime pay to Mr. Callender for his hours worked in excess of forty hours per week.

27. As a result of IBM's failure to pay wages earned and due, and its decision to withhold wages earned and due, to Mr. Callender at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, IBM has violated, and continues to violate, the New York Labor Law.

28. Mr. Callender seeks recovery of attorneys' fees and costs of this action to be paid by IBM, as provided by New York Labor Law §§ 663(1).

29. Mr. Callender seeks the amount of his underpayments based on IBM's failure to pay one and one half time the regular rate of pay for work performed in excess of 40 hours, as provided by New York Labor Law § 663(1), and such other legal and equitable relief from IBM's unlawful and willful conduct as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York state law;

B. An injunction against IBM and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

C. Award of damages, liquidated damages, and restitution under FLSA to be paid by IBM according to proof;

D. Award of damages, liquidated damages, and restitution under New York state law to be paid by IBM according to proof;

E. Costs of action incurred herein, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and New York Labor Law § 663(1);

G. Pre-Judgment and Post-Judgment interest, as provided by law; and

H.  Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Respectfully submitted,

Dated: December 1, 2005     By: _____
                                Adam T. Klein

Adam T. Klein (AK 3293)
Piper Hoffman (PH 4990)
Justin M. Swartz (JS 7989)
**OUTTEN & GOLDEN LLP**
3 Park Ave., 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile:  (212) 977-4005
*Attorneys for Plaintiff*

# EXHIBIT A

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT

I work or worked for International Business Machines Corporation (IBM) from April 2003 to January 2004 in New York, NY, as a technical support worker.

I consent to be a party plaintiff in a lawsuit alleging that IBM has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of IBM.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Lieff, Cabraser, Heimann & Bernstein, LLP; Rudy, Exelrod & Zieff, LLP; Lewis & Feinberg, P.C.; Outten & Golden, LLP, and other attorneys with whom they may associate.

Print Name: _Dexter Callender_

Signature: _Dexter Callen_

Date Signed: _8/2/2004_

336237.2